UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ROBERT KRAMER,<br><br>　　　　Defendant.<br>_____/ | No.　CR 11-0423 PJH<br>　　　CR 11-0424 CW<br>　　　CR 11-0425 PJH<br>　　　CR 11-0426 SBA<br>　　　CR 11-0427 PJH<br>　　　CR 11-0428 SBA<br>　　　CR 11-0429 CW<br>　　　CR 11-0430 SBA<br><br>**ORDER RE RELATED**<br>**CASE NOTICE AND REQUEST** |

　　　　The court has reviewed the government's July 1, 2011 request to relate this case to numerous other cases pursuant to Criminal Local Rule 8-1(b), including the following cases:

　　　　United States v. Brian McKinzie, CR 11-0424 CW ("McKinzie")

　　　　United States v. David Margen, CR 11-0425 PJH ("Margen")

　　　　United States v. Thomas Franciose, CR 11-0426 SBA ("Franciose")

　　　　United States v. Jaime Wong, CR 11-0427 PJH ("Jaime Wong")

　　　　United States v. Jorge Wong, CR 11-0428 SBA

　　　　United States v. Thomas Legault, CR 11-0429 CW

　　　　United States v. William Freeborn, CR 11-0430 SBA

　　　　Although the time for opposing the motions has not yet expired, the court issues this

order because it finds that the government has not demonstrated in its related case notice and accompanying declaration that the cases are indeed related within the meaning of the local rule.

Criminal Local Rule 8-1(b) provides:

(b) Definition of Related Case for Criminal Action. Any criminal action is related to another pending civil or criminal action when:

(1) Both actions concern one or more of the same defendants and the same alleged events, occurrences, transactions or property;

or

(2) Both actions appear likely to entail substantial duplication of labor if heard by different Judges or might create conflicts and unnecessary expenses if conducted before different Judges.

The court's review of the notice, declaration, and informations indicates that the government may have intended to suggest that the cases fall into one of three categories: (1) cases charging bid rigging under 15 U.S.C. § 1 and conspiracy to commit mail fraud under 18 U.S.C. § 1349 in *both* Contra Costa and Alameda counties; (2) cases charging bid rigging under 15 U.S.C. § 1 and conspiracy to commit mail fraud under 18 U.S.C. § 1349 in Alameda County *only*; and (3) cases charging bid rigging under 15 U.S.C. § 1 and conspiracy to commit mail fraud under 18 U.S.C. § 1349 in Contra Costa County *only*. It is unclear to the court, though, whether the Contra Costa conspiracy charged in the informations is the same conspiracy. It is similarly unclear whether the Alameda conspiracy charged in the informations is the same conspiracy.

The court's review of the informations reveals that in each case, only the individual defendant is named in conjunction with the charges in the information. There is nothing in the informations themselves, or in government counsel's declaration, that demonstrates an overlap in defendants or that the charged conspiracies are the same or overlapping. The fact that each information contains the same charges is not by itself sufficient cause for relating the cases. Absent some indication that the charges in all of the cases involve the same defendants *and* the same conspiracies and/or transactions, the local rule does not support relating individual cases simply because they contain the same *type* of charges.

For example, all cases involving charges of a methamphetamine conspiracy are not assigned to the same judge simply because they involve the same type of charge.

To the extent that the government has additional information with which it would like to supplement its request to relate the cases, the government may submit such information by **Friday, July 8, 2011.** However, without more, it is the court's intention to DENY the government's request to relate the cases.

**IT IS SO ORDERED.**

Dated: July 6, 2011

_____
PHYLLIS J. HAMILTON
United States District Judge